■ In the Matter of GREENBURGH SHOPPING CENTER, Respondent, v. TOWN OF GREENBURGH et al., Appellants.— In a proceeding pursuant to article 78 of the former Civil Practice Act, to review and annul a determination of the Town Board of the Town of Greenburgh denying the petitioner's application for approval of plans for a shopping center, filed pursuant to a Large Scale Development Ordinance of said town, the town and its officials appeal from an order of the Supreme Court, Westchester County, entered October 29, 1963, which annulled said determination and directed that a building permit for construction in accordance with such plans be issued forthwith. Order reversed on the law and the facts, without costs, and petitioner's application remanded to the Town Board for the purpose of: (a) holding hearings thereon, upon notice to petitioner; (b) making a determination de novo on the basis of all the proof adduced; and (3) for further proceedings not inconsistent herewith. In our opinion, the learned Special Term properly found that the Town Board's determination did not rest upon a reasonable basis. However, it does not appear of record that petitioner's application complied in all respects with the local Large Scale Development Ordinance and with the reasonable standards of compliance thereunder which the Town Board sought to impose but which it failed to define with any particularity. Upon such hearing on notice to petitioner, the Town Board should clarify for the record what particular standards

it requires on this specific application; and the petitioner should have the opportunity to meet or rebut such requirements. As the record now stands, it is not clear what the Town Board expected petitioner to do with respect to the alleged inadequate acceleration and deceleration lanes on Dobbs Ferry and Knollwood Roads which are State highways over which neither petitioner nor the town has any control. At the same time, it appears that the petitioner concedes that other ingress and egress lanes on its own property may require the installation of turning arrow markers and signs, and that possibly the prior approval of State authorities may be needed with respect to Dobbs Ferry and Knollwood Roads. Under the circumstances, the rights of the parties should not have been summarily concluded by a direction that a building permit issue without a hearing. Upon a full hearing and return, the issues of fact and law surviving, if any there be, can be more appropriately determined (cf. *Matter of Nedles Land Corp.* v. *Town of Brookhaven,* 20 A D 2d 648). Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.